**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DANKO ANTOLOS<br>Newtown, PA 18940<br><br>*Plaintiff,*<br><br>v.<br><br>JONES LANG LASALLE AMERICAS,<br>INC.<br>1700 Market Street, Suite 2400<br>Philadelphia, PA 19103<br><br>&<br><br>JONES LANG LASALLE<br>INCORPORATED<br>1700 Market Street, Suite 2400<br>Philadelphia, PA 19103<br>*Defendants.* | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

I.   **INTRODUCTION**

Plaintiff, Danko Antolos ("Plaintiff"), brings claims against his former employers, Jones Lang LaSalle Americas, Inc. and Jones Lang Lasalle Incorporated ("Defendants"). Plaintiff brings this action for unlawful age discrimination and harassment in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 et seq. ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"), the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1101, et seq. ("PFPO"), the Delaware Discrimination in Employment Act, as amended, 19 DE Code § 711 et seq. ("DDEA"), the New York State Human Rights Law, as amended, N.Y. Exec. Law §290, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-100, *et seq.* ("NYCHRL"). Plaintiff seeks all

1

damages allowable at law, including back-pay, front-pay, compensatory damages, liquidated damages, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Danko Antolos, is an individual who resides in Newtown, Pennsylvania.

2.    Plaintiff was born in March 1961.

3.    At the time of his termination, Plaintiff was sixty-three (63) years old.

4.    Defendant Jones Lang LaSalle Americas, Inc. is a corporation with a place of business at 1700 Market Street, Suite 2400, Philadelphia, Pennsylvania 19103.

5.    Defendant Jones Lang LaSalle Incorporation is a corporation with a place of business at 1700 Market Street, Suite 2400, Philadelphia, Pennsylvania 19103.

6.    Plaintiff worked out of, inter alia, Wilmington, Delaware.

7.    At all relevant times, Defendants employed more than twenty (20) employees.

8.    At all relevant times, Defendants acted by and through their authorized employees and agents, acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

9.    At all times material hereto, Defendants constituted Plaintiff's employer under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

10.    At all relevant times, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

11.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

2

### III.   JURISDICTION AND VENUE

12.   The causes of action which form the basis of this matter arise under the ADEA, PHRA, PFPO, DDEA, NYSHRL, and NYCHRL.

13.   This Court has jurisdiction over Plaintiff's ADEA claim pursuant to federal question jurisdiction.

14.   This Court has supplemental jurisdiction over Plaintiff's PHRA, PFPO, DDEA, NYCHRL, and NYSHRL claims.

15.   Venue is proper in this District pursuant to 28 USC § 1391(b).

16.   On or about April 2, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff's EEOC charge is attached hereto as Exhibit 1 and is incorporated herein by reference.

17.   On or about May 6, 2026, the EEOC issued to Plaintiff a Determination and Notice of Rights. This Notice is attached hereto as Exhibit 2.

18.   Plaintiff has complied with all administrative prerequisites for the commencement of this action.

### IV.   FACTUAL ALLEGATIONS

19.   Plaintiff was hired by Defendants on or about June 14, 2008.

20.   Plaintiff last held the position of Senior Project Manager.

21.   Plaintiff consistently performed his job duties well and received positive performance feedback.

22.   In or about February 2024, Defendants failed to promote Plaintiff to Director of Project Management.

3

23. The Director of Project Management position was either not posted or Plaintiff was unaware if the position was posted.

24. If the Director of Project Management position had been posted, and/or if Plaintiff had known the position was posted, Plaintiff would have applied for it.

25. Had Plaintiff received the Director of Project Management position, he would have worked in New York, New York.

26. Instead of promoting Plaintiff, Defendants hired Joseph Caldwell, who was approximately thirty-five (35) years old.

27. Plaintiff was more qualified for the Director of Project Management position than Caldwell.

28. In or about February 2024, Plaintiff began reporting to Caldwell.

29. Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than younger employees.

30. Plaintiff's performance was unjustly criticized.

31. He was excluded from meetings and communications related to his job duties and responsibilities.

32. Plaintiff was interrupted while speaking.

33. Plaintiff was ignored.

34. Projects were removed from Plaintiff.

35. Plaintiff's abilities were unjustly questioned.

36. On or about June 27, 2024, in a meeting with Caldwell, Caldwell unjustly criticized Plaintiff's performance.

37. Plaintiff rebutted the false statements and misrepresentations regarding his performance.

38. On or about July 8, 2024, Caldwell issued Plaintiff a Clarification of Expectations Memo.

39. Plaintiff's performance did not warrant a Clarification of Expectations Memo.

40. On or about September 6, 2024, Defendants terminated Michael Rapp, (approximate age 65), Senior Projects Manager, who had been reporting to Caldwell.

41. On or about September 9, 2024, Defendants failed to promote Plaintiff to Assistant Director.

42. Plaintiff had no opportunity to apply for the Assistant Director position because the position was not posted or Plaintiff was unaware if the position was posted.

43. If the Assistant Director position had been posted, and/or if Plaintiff had known the position was posted, Plaintiff would have applied for it.

44. Instead of promoting Plaintiff, Defendants hired Jonathan Arist (approximate age 39), Assistant Director, reporting to Caldwell, to replace Rapp.

45. Plaintiff was more qualified for the Assistant Director position than Arist.

46. On or about December 6, 2024, in a meeting with Caldwell and Melissa Maldonado, People Experience Partner, Defendants unjustly criticized Plaintiff's performance and stated that they had not seen sufficient improvement since Plaintiff was issued the Clarification of Expectations Memo.

47. On or about December 6, 2024, following the above, Defendants placed Plaintiff on a Performance Improvement Plan ("PIP").

48. Plaintiff's performance did not warrant a PIP.

49.    On or about December 16, 2024, Plaintiff applied for an open Senior Project Manager position. This position was based out of Philadelphia, Pennsylvania.

50.    Plaintiff was qualified for the Senior Project Manager position.

51.    On or about December 17, 2024, in an email to Caldwell, copying Maldonado, Plaintiff rebutted the unjust criticisms regarding his performance and stated that he remained committed to his professional growth and to the success of the team.

52.    On or about December 20, 2024, Plaintiff interviewed with Jessica Beall, Director and Hiring Manager, for the Senior Project Manager position.

53.    In early to mid-January 2025, in emails to Beall, Plaintiff inquired about the status of the next steps regarding the Senior Project Manager position.

54.    Plaintiff received no response to his follow-up emails.

55.    On or about January 4, 2025, Plaintiff applied for an open Senior Project Manager position. The position was based out of Philadelphia, Pennsylvania.

56.    Plaintiff was qualified for the position.

57.    Plaintiff received no communication regarding his application for the Senior Project Manager position.

58.    On or about January 5, 2025, Plaintiff applied for an open Project Manager position. This position was based out of New York, New York.

59.    Plaintiff was qualified for the position.

60.    Plaintiff received no communication regarding his application for the Project Manager position.

61.    On or about February 13, 2025, Caldwell informed Plaintiff he was not eligible to apply for any open positions within Defendants because Plaintiff was on a PIP.

62.     On or about February 28, 2025, Defendants terminated Plaintiff's employment, effective immediately.

63.     Defendants stated that Plaintiff's termination was due to performance concerns.

64.     Defendants' stated reason for terminating Plaintiff's employment was pretext for age discrimination.

65.     At the time of Plaintiff's termination, Plaintiff was the oldest employee directly reporting to Caldwell.

66.     At the time of Plaintiff's termination, the following employees reported to Caldwell: (1) Christopher Nazareno (approximate age 28), Senior Project Manager; (2) Alexander White (approximate age 28), Project Manager; (3) Yukon Shyu (approximate age 30), Senior Project Manager; and (4) Arist.

67.     Defendants replaced Plaintiff with and assigned Plaintiff's job duties and responsibilities to substantially younger, less qualified, employees.

68.     Defendants' conduct evidences a bias against older employees and a preference for younger employees.

69.     Plaintiff's age was a motivating and determinative factor in Defendants' decision to issue him a Clarification of Expectations Memo.

70.     Plaintiff's age was a motivating and determinative factor in Defendants' decision to place him on a PIP.

71.     Plaintiff's age was a motivating and determinative factor in Defendants' decision not to promote/hire him into the position of Director of Project Management.

72.     Plaintiff's age was a motivating and determinative factor in Defendants' decision not to promote/hire him into the position of Associate Director.

73.    Plaintiff's age was a motivating and determinative factor in Defendants' decision not to hire him into the position of Senior Project Manager.

74.    Plaintiff's age was a motivating and determinative factor in Defendants' decision not to hire him into the position of Senior Project Manager.

75.    Plaintiff's age was a motivating and determinative factor in Defendants' decision not to hire him into the position of Project Manager.

76.    Plaintiff's age was a motivating and determinative factor in Defendants' decision not to interview, hire, promote and/or select him for any position for which he was qualified.

77.    Plaintiff's age was a motivating and determinative factor in Defendants' decision to terminate his employment.

78.    Plaintiff's age was a motivating and determinative factor in the discriminatory treatment alleged herein.

79.    Plaintiff was subjected to severe and/or pervasive conduct that interfered with his ability to perform his job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

80.    Plaintiff's age was a motivating and determinative factor in the hostile work environment to which Plaintiff was subjected.

81.    The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

82.    As a direct and proximate result of Defendants' discriminatory and harassing conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or

earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, emotional distress, and loss of life's pleasures.

83. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

84. Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I - ADEA

85. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

86. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the ADEA.

87. Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

88. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

89. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

90. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

91. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the PHRA.

9

92. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

93. No previous application has been made for the relief requested herein.

## COUNT III - PFPO

94. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

95. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the PFPO.

96. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein.

97. Said violations were outrageous and done with malice and/or reckless indifference, warranting the imposition of punitive damages.

98. No previous application has been made for the relief requested herein.

## COUNT IV - DDEA

99. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

100. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the DDEA.

101. Said violations were done in such a manner that warrant punitive damages.

102. As a direct and proximate result of Defendants' violation of the DDEA, Plaintiff has suffered the damages and losses set forth herein.

103. No previous application has been made for the relief requested herein.

## COUNT V – NYSHRL

104. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

105. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the NYSHRL.

106. Defendants acted intentionally and willfully, with malice and/or reckless indifference to Plaintiff's protected rights, and with knowledge that its actions violated the law and/or with knowledge that its actions may violate the law, warranting the imposition of punitive damages.

107. As a direct and proximate result of Defendants' violations of the NYSHRL, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

108. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

109. No previous application has been made for the relief requested herein.

## COUNT VI – NYCHRL

110. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

111. By committing the foregoing acts of discrimination and harassment against Plaintiff, Defendants violated the NYCHRL.

112. Defendants acted intentionally and willfully, with malice and/or reckless indifference to Plaintiff's protected rights, and with knowledge that its actions violated the law

11

and/or with knowledge that its actions may violate the law, warranting the imposition of punitive damages.

113.    As a direct and proximate result of Defendants' violations of the NYCHRL, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

114.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

115.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.    declaring the acts and practices complained of herein to be a violation of the ADEA;

b.    declaring the acts and practices complained of herein to be a violation of the PHRA;

c.    declaring the acts and practices complained of herein to be a violation of the PFPO;

d.    declaring the acts and practices complained of herein to be a violation of the DDEA;

e.    declaring the acts and practices complained of herein to be a violation of the NYSHRL;

f.    declaring the acts and practices complained of herein to be a violation of the NYCHRL;

g.    enjoining and restraining permanently the violations alleged herein;

h.    awarding Plaintiff back-pay;

12

i.   awarding Plaintiff front-pay;

j.   awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

k.   awarding liquidated damages;

l.   awarding punitive damages;

m.  awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

n.   awarding Plaintiff such other damages as are appropriate and allowed under the ADEA, PHRA, PFPO, DDEA, NYSHRL, and NYCHRL; and

o.   granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: <u>07/31/2026</u>                    By:     */s/ Lane J. Schiff*
                                                    LANE J. SCHIFF, ESQ.
                                                    1525 Locust St., 9th Floor
                                                    Philadelphia, PA 19102
                                                    Phone: (215) 545-7676
                                                    schiff@consolelaw.com

                                                    *Attorneys for Plaintiff*

13